VICTOR GERVASINI *vs.* ANNUNZIATO VUONO.

APRIL 20, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

HAHN, J. This is a bill in equity seeking an injunction against the respondent restraining him from erecting or maintaining a fence across Railroad avenue, a street on the plat hereinafter referred to, in the town of Westerly, over which street the complainant claims a right of way. The cause was heard by a justice of the Superior Court on bill, answer and proof and complainant was granted the relief prayed for. The cause is before this court on the appeal of the respondent from the decree granting the injunction.

Railroad avenue is, for the most part, a level, grassy pasture-road running northeast from an unnamed street to the Pawcatuck river. It is bounded on the south for its full length by fenced-in property of the N. Y., N. H. & H. R. R. Co. The property on the north is divided into two blocks by Bradford street which leads north out of Railroad

avenue. These two blocks, and the streets bordering thereon including Railroad avenue, were formerly owned and platted by one Catto, whose plat was duly recorded. Catto conveyed to complainant lots numbered 4, 5 and 6 in the farther block from the river and fronting on Bradford street. Later, in 1924, Catto conveyed to respondent and his wife, among other lots, those numbered 20, 21, 22 and 25, all facing on Railroad avenue, in the block beside the river.

It appeared in evidence that for more than two years complainant has been removing surface soil from Railroad avenue and replacing it with ashes and has dumped rubbish and ashes at the east end of the avenue where for the last 100 feet there is a steep slope down to the river. His alleged intention was to level the street and make the river more accessible and he planned to keep a boat on the river. Testimony was conflicting as to whether others used the slope for a dumping place. In April, 1932, the respondent erected a wire fence across Railroad avenue, just east of Bradford street, closing off the part of said avenue leading to the river. He received notice to remove the fence but failed to comply and this suit was commenced. Upon the issuance of an *ex parte* restraining order, the fence was removed.

Respondent urges that the section of Railroad avenue closed off by the fence is a cul-de-sac and as such is not a highway so dedicated to the use of other owners of land on the plat that it may not be closed off by an abutting owner. This ground of defense—if such exists (see *Greene* v. *O'Connor*, 18 R. I. 56)—is not available to the respondent in this cause, as the evidence discloses the fact that said avenue is not a cul-de-sac, but is a street leading to a river used for boating and other purposes and is a convenient means of access thereto for the lot owners of said plat. As it is a street, it was, like the other streets on the plat duly recorded by Catto, dedicated to the use of all the owners of lots thereon and may not be closed without their

244

consent.   *Thaxter* v. *Turner*, 17 R. I. 799; *Chapin* v. *Brown*, 15 R. I. 579.

Respondent further contends that complainant does not come into court with clean hands, as he used the property, not as a highway, but merely as a dumping place.   The trial justice in considering this aspect of the cause found that the acts alleged were inconsequential.   The respondent has an ample remedy to prevent any unauthorized or improper use of Railroad avenue, but he may not obstruct said highway or deprive complainant of his property rights therein.

Respondent's appeal is denied and dismissed, the decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*Hinckley, Allen, Tillinghast & Wheeler, S. Everett Wilkins, Jr., Noel M. Field,* for complainant.

*Philip S. Knauer, Luigi De Pasquale,* for respondent.